**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

**LUIS W. LEBRON, individually
and as class representative,**

      **Plaintiff,**

**v.**                                       **Case No.: 6:11-cv-01473-Orl-35DAB**

**DAVID E. WILKINS, in his official
capacity as Secretary of the Florida
Department of Children & Families,**

      **Defendant.**
_____

## ORDER

    **THIS CAUSE** comes before the Court on Plaintiff's Renewed Motion for Class Certification (Dkt. 38) and the State's Response (Dkt. 42) in opposition thereto.  Upon consideration, Plaintiff's Renewed Motion for Class Certification is **GRANTED**.

### I.  BACKGROUND

    Plaintiff's initial request for class certification was denied without prejudice as unnecessary based upon the State's stipulation that it would not seek to enforce Section 414.0652, Florida Statutes, against others similarly situated to Plaintiff until the resolution of this action.  (Dkt. 33 at 37.)  Plaintiff renews his request for class certification, arguing that certification is necessary because the Preliminary Injunction issued on September 24, 2011, could be subject to dissolution on mootness grounds if Plaintiff finds employment.  (Dkt. 38 at 2.)  It appears that the State has acted

expeditiously and consistent with its representation that it would cease application of the challenged statute, pending resolution of this case. (See Dkt. 38-1.)  And, it appears that the cease and desist directive has been generally applied to all persons.  Id.

Nevertheless, the State declines to stipulate to class certification.  Instead, it maintains that certification is unnecessary because, even if Plaintiff found employment, the Court would likely retain jurisdiction over this controversy because his injury is "capable of repetition yet evading review."  (Dkt. 42 at 3.)  Yet, the State stops short of conceding that the matter cannot be rendered moot in any circumstance.  It notes, for instance, that the "capable-of-repetition" doctrine would not apply if Plaintiff received the lifetime maximum of forty-eight months of TANF benefits.  (Dkt. 42 at 5.)  The State also makes oblique reference to the possibility that individuals may fall "out of compliance with other prerequisites for receiving TANF cash assistance" (Dkt. 42 at 7), a circumstance which, if it were to occur in Plaintiff's case, could also render this action moot as to this individual Plaintiff.   Even so, the State contends that "Plaintiff's mootness concerns are overstated."   (Dkt. 42 at 2-3.)   The State also argues that Plaintiff has not satisfied the requirements of class certification under Federal Rule of Civil Procedure 23.  (Dkt. 42 at 5-15.)

## II.  DISCUSSION

### A.   Class Certification is Necessary

On reconsideration of the facts of this case and on consideration of the law, now correctly cited, the Court finds that the risk of mootness creates a sufficient need for class certification and failure to grant class certification in the circumstances of this case

would be considered an abuse of discretion under binding precedent.  See Johnson v. City of Opelousas, 658 F.2d 1065, 1070 (5th Cir. 1981) (district court abused its discretion in refusing to certify an otherwise appropriate class where there was a substantial risk that the constitutional claim of putative class representative would become moot during the course of litigation).  "Article III requires that a plaintiff's claim be live not just when he first brings suit, but throughout the litigation." Tucker v. Phyfer, 819 F.2d 1030, 1034 (11th Cir. 1987).  The State concedes that the tenure of any individual beneficiary in the TANF program "may not be long enough to permit the federal litigation process to conclude" because the average period over which newly approved applicants receive benefits is "far shorter than the average span of federal litigation." (Dkt. 42 at 4.)  As Plaintiff's claim could become moot at some point during this litigation, the Court finds that the more prudent course is to certify the class, if appropriate under the prerequisites of Rule 23.

    B.    Plaintiff's Proposed Class Meets the Requirements of Rule 23

    The Court finds that the proposed class satisfies the requirements for certification under Rule 23.  "For a district court to certify a class action, the named plaintiffs must have standing, and the putative class must meet each of the requirements specified in Federal Rule of Civil Procedure 23(a), as well as at least one of the requirements set forth in Rule 23(b)." Klay v. Humana, Inc., 382 F.3d 1241, 1250 (11th Cir. 2004).  The State does not challenge Plaintiff's standing to sue but argues that the putative class does not meet the requirements of Rule 23(a) and Rule 23(b)(2).  (Dkt. 42.)

Rule 23(a) allows a member of a class to sue as a representative party on behalf of all class members only if:

(1)   The class is so numerous that joinder of all members is impracticable;

(2)   There are questions of law or fact common to the class;

(3)   The claims or defenses of the representative parties are typical of the claims or defenses of the class; and

(4)   The representative parties will fairly and adequately protect the interests of the class.

Fed. R. Civ. P. 23(a).   Under Rule 23(b)(2), a class action may be maintained if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."   Fed. R. Civ. P. 23(b)(2).   Plaintiff bears the burden of showing that the requirements of Rule 23 have been met and that class certification is appropriate.

Plaintiff proposes that the Court certify the following class:

All persons residing in Florida who applied for, are applying for, or will in the future apply for, Temporary Cash Assistance ("TCA"), Florida's program to distribute Temporary Assistance for Needy Families ("TANF") benefits, and who would, absent this Court's Order of October 24, 2011, be subject to Defendant's mandatory suspicionless drug testing as a result of Fla. Stat. § 414.0652.

(Dkt. 38 at 6.)   With respect to the numerosity requirement under Rule 23(a)(1), Plaintiff observes that there were 106,654 individuals receiving TANF benefits as of January 2011, and that there were 1,107 first-time applicants for TANF in July 2011.  (Dkt. 16 at 7-8.)  The State contends that these figures are too speculative to satisfy the numerosity requirement because (1) "Plaintiff has offered no evidence regarding the number of

individuals in the proposed class who would object, and not voluntarily consent, to a drug test" and (2) "Plaintiff offers no evidence regarding the number of individuals in the class for whom the State has reasonable suspicion to suspect drug use."  (Dkt. 42 at 8.)

The Court finds that the proposed class contains enough members to satisfy Rule 23(a)(1).  Plaintiff is not required to "allege the exact number and identity of the class members, but must only establish that joinder is impracticable through some evidence or reasonable estimate of the number of purported class members."  Avery v. Uniroyal Tech. Corp., No. 8:02CV2238T27MAP, 2005 WL 1205607, at *2 (M.D. Fla. May 20, 2005).  Contrary to the suggestion of the State, the Motion rests on more than mere speculation: Plaintiff alleges, and the State does not dispute, that there were approximately 1,107 first-time TANF applicants in the month of July. (Dkt. 16 at 7-8.) Furthermore, by the State's own admission, in "any one month in Florida, approximately 3,500 people first receive TANF cash benefits."  (Dkt. 19-1 at 2.)

But for the entry of a preliminary injunction enjoining enforcement of Section 414.0652, every new applicant for TANF benefits would be subjected to a drug test as a prerequisite to the receipt of benefits.  The Court finds that there is specific evidence in the record to conclude that the putative class members are so numerous that joinder would be impracticable, especially where, as here, Plaintiff alleges a class-wide constitutional violation across a highly fluid class of citizens.  See Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 930 (11th Cir. 1983) (noting that "the relevance of the numerosity requirement to class certification may in appropriate cases be less significant where in fact class wide discrimination has been alleged"); Barrett v.

*Claycomb*, No. 11–cv–04242–NKL, 2011 WL 5822382, at *2 (W.D. Mo. Nov. 15, 2011) (certifying class of college students challenging school policy requiring mandatory drug testing: "given the large initial number of potential plaintiffs, and because of the fluid nature of this class (the litigation is about to pass into a new semester and will thus affect different students), it would be impracticable to require individual lawsuits").

The suggestion that some members of the proposed class might be indifferent to drug testing or might consent to a drug test is not fatal to class certification.[1] *See*, *e.g.*, *Barrett*, 2011 WL 5822382, at *2 (rejecting argument that proposed class fails numerosity requirement because some students favor the drug testing policy); *Lynch v. Baxley*, 386 F. Supp. 378, 386 (M.D. Ala. 1974) ("it is immaterial that certain potential class members may be satisfied with their present status and indifferent as to the constitutionality of the statues herein attacked"); *Leisner v. N.Y. Tel. Co.*, 358 F. Supp. 359, 372 (S.D.N.Y. 1973) (noting that it is not "fatal if some members of the class might prefer not to have violations of their rights remedied").  Nor does the inclusion of TANF applicants for whom the State claims it might have reasonable suspicion of drug use defeat certification.  In the absence of injunctive relief, those applicants, like all other putative class members, would, nonetheless, be required to submit to suspicionless drug testing under Section 414.0652.  The possibility that the State may currently have or may later develop reasonable suspicion of drug use among individuals within the

---

[1] The evidence of record does not bear out this suggestion in any event.  The Quinnipiac poll to which the State refers does not reveal whether or how many actual or potential TANF recipients were among those polled, nor does it suggest which, if any, responded indifferently or favorably to drug testing.  (*See* Dkt. 24-4 at 2.)  Finally, it is not, as the State suggests, reasonable or logical to assume that those adversely affected by the testing would react as favorably to the testing as those not affected by it.

proposed class has no impact on the numerosity requirement imposed by Rule 23(a)(1) because all members of the proposed class are subject to the same likely unconstitutional condition.

The Court also finds that the proposed class meets the commonality requirement.   Rule 23(a)(2) "demands only that there be 'questions of law or fact common to the class.'"   Vega v. T-Mobile USA, Inc., 564 F.3d 1256, 1268 (11th Cir. 2009) (quoting FED. R. CIV. P. 23(a)(2)).   All plaintiffs in the proposed class raise the same legal question: whether Section 414.0652 is facially constitutional under the Fourth and Fourteenth Amendments.   Additionally, all plaintiffs in the proposed class, by its definition, suffer the same injury in that they are all subject to drug testing required under that statute.   Thus, the commonality of the constitutional challenge is "of such a nature that it is capable of classwide resolution," that is, "determination of the truth or falsity [of the claim] will resolve an issue that is central to the validity of each one of the claims in one stroke."   Wal-Mart Stores, Inc. v. Dukes, 131 S. Ct. 2541, 2551 (2011).

The State suggests that the proposed class would inappropriately include individuals who applied prior to July 1, 2011, and who therefore will not be subject to drug testing, as well as individuals who may no longer qualify for TANF cash assistance for reasons unrelated to the drug-test requirement.   (Dkt. 42 at 9.)   To the contrary, those individuals would not be part of the proposed class because they would not, in the absence of this Court's Order of October 24, 2011, "be subject to Defendant's mandatory suspicionless drug testing as a result of Fla. Stat. § 414.0652."   (Dkt. 38 at 6.)   Additionally, the Court rejects the contention that inclusion of individuals who have

consented or would consent to a drug test or for whom the State otherwise has reasonable suspicion of drug use defeats commonality.  The class members are all subject to the allegedly unconstitutional condition imposed by Section 414.0652, regardless of the consent required by the TANF application and regardless of the purported existence of reasonable suspicion.  Thus, as all members of the proposed class raise the same legal challenge to redress the same injury, Rule 23(a)(2) is satisfied.

For the same reasons, the proposed class meets Rule 23(a)(3), which requires Plaintiff's claim to be typical of the claim of the proposed class.  FED. R. CIV. P. 23(a)(3). Plaintiff possesses the same interest and suffers the same injury as every other proposed class members: he has been required to submit to a suspicionless drug test as a prerequisite for receiving TANF benefits. This is sufficient to satisfy the typicality requirement under Rule 23(a)(3).  See Prado-Steiman ex rel. Prado v. Bush, 221 F.3d 1266, 1279 (11th Cir. 2000) (noting that typicality is met where a class representative is part of the class and possesses the same interest and suffers the same injury as the class members).

The Court likewise finds that the proposed class satisfies the adequacy of representation requirement under Rule 23(a)(4).  This provision "tend[s] to merge" with the typicality and commonality requirements, though it also "raises concerns about the competency of class counsel and conflicts of interest." Dukes, 131 S. Ct. at 2551 n.5 (2011) (quoting General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 158 n.13 (1982)).  The State does not articulate any concerns about the competency of counsel

or conflicts of interest; it only suggests that claimed factual and legal differences discussed above prevent Plaintiff from fairly and adequately protecting the interests of the putative class.   For the reasons stated, Plaintiff, through his counsel, would adequately represent this class.

Finally, the Court finds that the proposed class satisfies the requirements of Rule 23(b)(2) because the State "has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  FED. R. CIV. P. 23(b)(2).  The State has attempted to enforce Section 414.0652, a statute that is generally applicable to all members of the class, as defined, such that the relief sought is appropriate to all members of the class.  Accordingly, the proposed class satisfies Rule 23(b)(2).

## III. CONCLUSION

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Plaintiff's Renewed Motion for Class Certification is **GRANTED**.

2. Pursuant to Federal Rule of Civil Procedure 23, this action is **CERTIFIED** as a class action under the class definition proposed by Plaintiff and set forth herein.

3. Plaintiff's counsel from the Florida Justice Institute and the ACLU of Florida Foundation are hereby **APPOINTED** as class counsel pursuant to Federal Rule of Civil Procedure 23(g).

**DONE** and **ORDERED** in Orlando, Florida, this 7th day of December 2011.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record